[Department One. — January 31, 1884.]

PACIFIC BRIDGE COMPANY, RESPONDENT, *v.* R. W. KIRKHAM, APPELLANT.

CONSTITUTIONAL LAW — ASSESSMENT FOR LOCAL IMPROVEMENTS — POWERS OF THE LEGISLATURE. — The act of the legislature of April 1, 1876. authorizing the city of Oakland to construct a bridge across the estuary of San Antonio, and declaring that the cost should be assessed upon certain specified lands, therein declared to be benefited, in proportion to such benefits, and providing for a commission to apportion the cost, is constitutional.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial.

The act of the legislature of April 1, 1876, referred to in the opinion, declared that the cost of the bridge which it authorized to be constructed should be assessed upon certain specified land declared by the act to be benefited thereby, in proportion to such benefits, and commissioners were to be appointed to make the apportionment of the cost to the lots designated by the act. The commissioners found that certain specified lots belonging to defendant were benefited to the extent of $1,950.66, and it was to recover this assessment that the action was instituted.

*C. T. Botts,* for Appellant.

Whatever may be the character of the earlier decisions of this court, the limitations upon the power of the legislature to interfere with the municipal power of assessment is definitely

settled by the decisions in *The People* v. *Lynch*, 51 Cal. 15, and of *Brady* v. *King*, 53 Cal. 44, affirmed in *Schumaker* v. *Toberman*, 56 Cal. 508, and several other cases.

*Vrooman & Davis*, and *J. C. Martin*, for Respondent.

The constitutional questions raised in this case were involved in the case of *Snyder* v. *Johnson*; were exhaustively argued by the counsel for the plaintiff in that case, both in their briefs and orally, and were decided by the court adversely to the position taken by the defendant in this case. (*Snyder* v. *Johnson*, Cal. Leg. Rec. vol. 1, 1878.)

The appellant in that case, as in this, cited and relied upon the cases of *People* v. *Lynch*, *Brady* v. *King*, and *Taylor* v. *Palmer*, 31 Cal. 240.

PER CURIAM.—The principal point argued by counsel for appellant is that, under the principle established by the case of *People* v. *Lynch*, 51 Cal. 15, the act of the legislature entitled "an act to authorize the city of Oakland to construct a bridge across the estuary of San Antonio, between Eighth Street and East Ninth Street," approved April 1, 1876, is unconstitutional and void. To this we are unable to assent. Nor can we say that the evidence is insufficient to sustain the findings of the court below.

Judgment and order affirmed.

Hearing in Bank denied.